**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gregory S. Windish and | : | |
| Faith Windish, his wife | : | |
| 2090 Blue Mountain Parkway | : | |
| Harrisburg, PA 17112 | : | |
| Plaintiffs | : | |
| v. | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| Edwin W. Beard, Jr. | : | |
| 2573 Dale Ridge Rd. | : | |
| Dowelltown, TN 37059; and | : | |
| Western Express, Inc. | : | |
| 7135 Centennial Place | : | |
| Nashville, TN 37209 | : | |
| Defendants | : | No. |

## **COMPLAINT**

NOW come Plaintiffs, Gregory S. Windish and Faith Windish, by and

through their undersigned counsel, Munley Law, P.C. and aver as follows:

## **THE PARTIES**

1.     Plaintiffs Gregory Windish and Faith Windish are husband and wife

and competent adults and citizens of Pennsylvania with an address at 2090 Blue

Mountain Parkway, Harrisburg, Pennsylvania 17122.

2.      Defendant Edwin W. Beard, Jr., upon information and belief, is a competent, adult and a citizen of Tennessee with an address at 2573 Dale Ridge Rd., Dowelltown, Tennessee 37059.

3.      Defendant Western Express, Inc. upon information and belief, is a corporation and/or other business entity organized and existing under the laws of Tennessee with its principal place of business at 7135 Centennial Place, Nashville, Tennessee  37209

4.      Defendant Western Express, Inc. regularly, continuously, and systematically conducts business in the Middle District of  Pennsylvania.

5.      At all times pertinent hereto, on information and belief, Defendant Edwin W. Beard, Jr. was the agent, servant, workman, contractor and/or employee of Defendant Western Express, Inc. and was acting within the course and scope of his agency and/or employment.

## JURISDICTION AND VENUE

6.      The amount in controversy in this matter exceeds the sum or value of $75,000.00.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C.§1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

8.     Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

9.     At all times pertinent hereto, Plaintiff Gregory Windish was the operator of a 2007 Volvo VNM2, Connecticut License Plate No. 43350A, which was owned by New Penn Motor Express.

10.     At all times pertinent hereto, Defendant Edwin W. Beard, Jr. was the operator of a 2016 Volvo VN, License Plate No. E5033HY, registered in Tennessee, owned by Defendant Western Express, Inc., pulling a trailer with a Wisconsin Tag No. 670405.

11.     On or about September 25, 2015, at approximately 4:24 a.m., Plaintiff Gregory Windish was operating the aforementioned tractor trailer traveling westbound on State Route 78, near a construction zone in Greenwich Township, Berks County, Pennsylvania.

12.     At the aforementioned time and place, Plaintiff Gregory Windish was slowing and/or stopped for traffic on State Route 78, Greenwich Township, Pennsylvania.

13.     At the same time and place, Defendant Edwin W. Beard, Jr. was operating the aforementioned Volvo tractor-trailer, westbound on State Route 78, traveling behind Plaintiff's vehicle in Greenwich Township, Pennsylvania.

14.    At the same time and place, Defendant Edwin W. Beard, Jr. operated his tractor-trailer in such a careless, reckless and negligent manner that he came into sudden and forcible contact with the rear of Plaintiff's vehicle and causing Plaintiff to suffer such injuries as are hereinafter more fully described.

15.    As a result of the aforesaid accident, Plaintiff Gregory Windish has suffered, yet suffers and will/may suffer for an indefinite time in the future injuries including but not limited to:  post concussion syndrome, headaches, tinnitus, hearing loss, neck pain with radiation into his fingers, back pain, lower back pain, including but not limited to disc bulges and/or herniations, sciatica and nerve damage, left and right shoulder pain, left arm numbness, cervical radiculopathy, cervicalgia, cervical sprain/strain, severe right neuroforaminal stenosis at C3-4, moderate neuroforaminal stenosis at C5-6 and C6-7, diffuse disc bulging with mild central canal stenosis at C3-4, diffuse disc bulging with mild central canal stenosis at C4-5, diffuse disc bulging with mild central canal stenosis at C5-6, and shock to his nerves and nervous system, all of which caused him, continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

16.    As a result of the aforesaid accident and injuries sustained, Plaintiff Gregory Windish has been forced to undergo medical treatment and will/may be forced to undergo medical treatment at an undetermined time in the future.

17.     As a result of the aforesaid accident and injuries sustained, Plaintiff Gregory Windish has expended, yet expends and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff of his injuries all to his great financial loss and damage.

18.     As a result of the aforesaid accident and injuries sustained, Plaintiff Gregory Windish has been, yet is and will/may for an indefinite time in the future, be unable to go about his usual and daily occupations and routines.

19.     As a result of the aforesaid accident and injuries sustained, Plaintiff Gregory Windish has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

20.     As a result of the accident and injuries sustained, Plaintiff Gregory Windish has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of his earning power and earning capacity, and will/may continue to suffer same forever in the future.

## COUNT ONE
### Gregory Windish v. Edwin W. Beard, Jr.
### Negligence

21.     Paragraphs 1-20 above are incorporated herein by reference as if fully set forth here at length.

22.     The aforesaid accident was due solely to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Edwin W. Beard, Jr. and in no way due to any negligent act or failure to act on the part of the Plaintiff.

23.     The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Edwin W. Beard, Jr. consisted of the following:

a.  failure to properly observe the roadway and keep a proper lookout;

b.  failure to properly brake his vehicle;

c.  failure to remain attentive;

d.  failure to maneuver his vehicle so as to avoid a collision;

e.  failure to maintain adequate control over his vehicle;

f.  failure to take proper evasive action so as to avoid an accident;

g.  failure to give warning of his approach;

h.  following too closely behind Plaintiff's vehicle in violation of 75 Pa. C.S.A. §3310(a);

i.  failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

j.  failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

k.  operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

l.  failure to slow down in light of the conditions then and there existing;

m. failure to inspect, repair, and maintain his vehicle;

n.  operating his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714;

o.  operating his vehicle at an unsafe speed for conditions then and there existing, in violation of 75 Pa. C.S.A. § 3361;

p.  failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. § 3361;

q.  driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

r.  failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Greenwich Township, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

s.  failure to operate, maintain, inspect and repair his vehicle in accord with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

t.   operating his vehicle in violation of the rules and regulations of the
Federal Motor Carrier Safety Regulations;

u.   operating his vehicle in violation of the rules and regulations of the
Federal Motor Carrier Act;

v.   failure to conduct an inspection of his vehicle prior to driving in
violation of 49 CFR §396.13;

w.  failure to inspect his vehicle and complete driver vehicle inspection
reports in violation of 49 CFR §396.11;

x.   operating his vehicle in such a condition as to likely cause an accident
or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

y.   operating his vehicle when he was so fatigued as to make it unsafe for
him to operate the tractor trailer in violation of 49 CFR 392.3;

z.   operating his vehicle in excess of the applicable hours of service in
violation of 49 CFR 395.3;

aa. operating his vehicle when he knew or should have known that he was
unfit to do so;

bb. operating his vehicle while being distracted and/or fatigued;

cc. failure to record his duty status in violation of 49 CFR 395.8;

dd. failing to document his travel and daily logs as required by law,
including the Federal Motor Carrier Safety Regulations;

    ee. failing to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Regulations;

    ff. operating the tractor-trailer when he was not fit to do so;

    gg. such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff Gregory Windish demands judgment jointly and severally against Defendant Edwin W. Beard, Jr. in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT TWO

## Gregory Windish vs. Edwin W. Beard, Jr.

## Punitive Damages

24.    Paragraphs 1 - 23 above are incorporated herein by reference as if fully set forth here at length.

25.    The aforementioned conduct of Defendant Edwin W. Beard, Jr. was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Gregory Windish.  Defendant Edwin W. Beard, Jr. knew or should have known that operating his vehicle when he was too fatigued to do so safely and when he was in violation of the applicable hours of

service regulations would result in serious injury to others. Furthermore, Defendant Edwin W. Beard, Jr. knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway.

26.     Despite such knowledge, Defendant Edwin W. Beard, Jr., nevertheless failed to properly observe the roadway and keep a proper lookout; failed to properly brake his vehicle; failed to remain attentive; failed to maneuver his vehicle so as to avoid a collision; failed to maintain adequate control over his vehicle; failed to take proper evasive action so as to avoid an accident; failed to give warning of his approach; followed too closely behind Plaintiff's vehicle in violation of 75 Pa. C.S.A. §3310(a); failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; failed to slow down in light of the conditions then and there existing; failed to inspect, repair, and maintain his vehicle; operated his vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714; operated his vehicle at an unsafe speed for

conditions then and there existing, in violation of 75 Pa. C.S.A. § 3361; failed to

bring his vehicle to a stop within the assured clear distance ahead in violation of 75

Pa.C.S.A. § 3361; drove recklessly and with willful and wanton disregard for the

safety of persons or property in violation of 75 Pa. C.S.A. §3736; failed to obey the

rules of the road, the statutes of the Commonwealth of Pennsylvania and the

ordinances of Greenwich Township, in and about operating his vehicle on the

highways and roadways of the Commonwealth of Pennsylvania; failed to operate,

maintain, inspect and repair his vehicle in accord with the applicable Federal

Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;

operated his vehicle in violation of the rules and regulations of the Federal Motor

Carrier Safety Regulations; operated his vehicle in violation of the rules and

regulations of the Federal Motor Carrier Act; failed to conduct an inspection of his

vehicle prior to driving in violation of 49 CFR §396.13; failed to inspect his

vehicle and complete driver vehicle inspection reports in violation of 49 CFR

§396.11; operated his vehicle in such a condition as to likely cause an accident or a

breakdown of the vehicle in violation of 49 C.F.R. §396.7; operated his vehicle

when he was so fatigued as to make it unsafe for him to operate the tractor trailer

in violation of 49 CFR 392.3; operated his vehicle in excess of the applicable hours

of service in violation of 49 CFR 395.3; operated his vehicle when he knew or

should have known that he was unfit to do so;  operated his vehicle while being

distracted and/or fatigued; failed to record his duty status in violation of 49 CFR 395.8; failed to document his travel and daily logs as required by law, including the Federal Motor Carrier Safety Regulations; failed to observe proper rest and driving intervals as required by law, including the Federal Motor Carrier Safety Regulations; operated the tractor-trailer when he was not fit to do so; and such other acts of negligence, gross negligence, recklessness and/or willful and wanton conduct as may be discovered using the Federal Rules of Civil Procedure.

27.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Gregory Windish.  As a result, Plaintiff is seeking an award of punitive damages against Defendant Edwin W. Beard, Jr.

WHEREFORE, Plaintiff Gregory Windish demands judgment against Defendant Edwin W. Beard, Jr. in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT THREE
### Faith Windish v. Edwin W. Beard, Jr.
### Loss of Consortium

28.  Paragraphs 1 - 27 above are incorporated herein by reference as if fully set forth here at length.

29.  At all times here pertinent Faith Windish was and is the wife of Plaintiff Gregory Windish.

30.  Solely because of the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant Edwin W. Beard, Jr. in causing the injuries to Faith Windish, as wife of Gregory Windish, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

31. By reason of the aforesaid accident Plaintiff Faith Windish has been, yet is and probably will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiff Faith Windish demands judgment against Defendant Edwin W. Beard, Jr. in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FOUR

### Gregory Windish v. Western Express, Inc.

### Negligence

32.    Paragraphs 1-31 above are incorporated herein by reference as if fully set forth here at length.

33.    The aforementioned accident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Western Express, Inc. and/or its agents, ostensible agents, servants, workmen, and/or

employees and in no way due to the negligent act or failure to act on the part of Plaintiff Gregory Windish.

34.    The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Western Express, Inc., in its own right, consisted of the following:

a.  negligently entrusting Edwin W. Beard, Jr. with the tractor-trailer when it knew of should have known that Edwin W. Beard, Jr. lacked sufficient skill, judgment, and prudence in the operation of a tractor-trailer;

b.  failing to adequately instruct or train Edwin W. Beard, Jr. in the safe operation of the tractor-trailer prior to entrusting him with it;

c.  failing to prevent Edwin W. Beard, Jr. from operating the tractor-trailer until Edwin W. Beard, Jr. had sufficient ability to operate the tractor-trailer safely;

d.  failing to adequately ascertain that Edwin W. Beard, Jr. lacked the ability necessary to operate a tractor-trailer under the circumstances;

e.  permitting Defendant Edwin W. Beard, Jr. to operate the tractor-trailer with unsafe equipment in violation of 75 Pa. C.S.A. § 4107(b)(2);

f.  failing to provide Edwin W. Beard, Jr. with the equipment necessary to safely operate a tractor-trailer on the highways and roadways among the traveling public;

g.  failure to maintain the brakes on the tractor-trailer;

h.  failure to adequately train and oversee their employees, including Defendant Edwin W. Beard, Jr., in the inspection and operation of its tractor-trailers;

i.  failure to properly qualify Defendant Edwin W. Beard, Jr. as required by 49 CFR §391 et seq.;

j.  permitting Defendant Edwin W. Beard, Jr. to operate the tractor-trailer when it knew or should have known that he was so fatigued as to make it unsafe for him to do so in violation of 49 C.F.R. 392.3;

k.  permitting Defendant Edwin W. Beard, Jr. to operate the tractor-trailer when it knew or should have known that he was unfit to do so;

l.  permitting Defendant Edwin W. Beard, Jr. to operate the tractor-trailer when it knew or should have known that he would drive while distracted and/or fatigued;

m. permitting Defendant Edwin W. Beard, Jr. to operate its vehicle when it knew or should have known that the requirements for Defendant Edwin W. Beard, Jr. to earn income from operating its vehicle would

cause Defendant Edwin W. Beard, Jr. to violate the rules of the road and/or drive while distracted and/or fatigued;

n.  scheduling a run and/or requiring Defendant Edwin W. Beard, Jr. to operate its vehicle between points in such periods of time as would necessitate Defendant Edwin W. Beard, Jr. to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

o.  permitting Defendant Edwin W. Beard, Jr. to operate the tractor-trailer in violation of the Federal Motor Carrier Safety Regulations and the Federal Motor Carrier Act;

p.  permitting Defendant Edwin W. Beard, Jr. to operate the tractor-trailer in excess of the applicable hours of service rules in violation of 49 C.F.R 395.3;

q.  failing to operate, maintain, inspect, and repair its tractor-trailer with the applicable Federal Motor Carrier Regulations, particularly 49 C.F.R. 396.3;

r.  failure to require Defendant Edwin W. Beard, Jr. to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

s. aiding and abetting Edwin W. Beard, Jr. in and/or encouraging or requiring Edwin W. Beard, Jr. to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. 390.13;

t. operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

u. providing incentives and/or imposing penalties on drivers like Edwin W. Beard, Jr. such that he would avoid inspecting, maintaining, and/or repairing the tractor-trailer;

v. failing to properly supervise Edwin W. Beard, Jr. in the operation of the tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations and Federal Motor Carrier Act;

w. failing to conduct a background check of the driving record of Defendant Edwin W. Beard, Jr. as required by 49 C.F.R. 391, et seq;

x. such other acts or omissions as shall be discovered during the course of proper discovery under the Federal Rules of Civil Procedure.

35. Defendant Western Express, Inc. is also vicariously liable for the aforementioned actions and inactions of its agents, servants, workmen, and/or employees, including but not limited to Edwin W. Beard, Jr.

WHEREFORE, Plaintiff Gregory Windish demands judgment against Defendant Western Express, Inc. in an amount in excess of $75,000.00 plus interest and costs.

## COUNT FIVE

### Gregory Windish v. Western Express, Inc.

### Punitive Damages

36.     Paragraphs 1-35 above are incorporated herein by reference as if fully set forth here at length.

37.     The conduct of Western Express, Inc., was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff.  Defendant Western Express, Inc. knew or should have known that Defendant Edwin W. Beard, Jr. lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle.  Defendant Western Express, Inc., knew or should have known that the manner in which Defendant Western Express, Inc.,  conducted its business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Edwin W. Beard, Jr., would cause its employees, including Defendant Edwin W. Beard, Jr., to violate the rules of the road and/or drive while distracted and/or fatigued.  Defendant Western Express, Inc.,  knew or should have known that allowing their employees to violate the rules of the road and/or drive

while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff Gregory Windish.  Defendant Western Express, Inc., knew or should have known that permitting Defendant Edwin W. Beard, Jr. to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway.  Defendant Western Express, Inc., knew or should have know that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant Western Express, Inc., knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Edwin W. Beard, Jr. would result in serious injury to others driving on the roadway.  Moreover, Defendant Western Express, Inc., knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

38.     Despite such knowledge, Defendant Western Express, Inc. negligently entrusted Edwin W. Beard, Jr. with the tractor-trailer when it knew of should have known that Edwin W. Beard, Jr. lacked sufficient skill, judgment, and prudence in

the operation of a tractor-trailer; failed to adequately instruct or train Edwin W.

Beard, Jr. in the safe operation of the tractor-trailer prior to entrusting him with it;

failed to prevent Edwin W. Beard, Jr. from operating the tractor-trailer until Edwin

W. Beard, Jr. had sufficient ability to operate the tractor-trailer safely; failed to

adequately ascertain that Edwin W. Beard, Jr. lacked the ability necessary to

operate a tractor-trailer under the circumstances; permitted Defendant Edwin W.

Beard, Jr. to operate the tractor-trailer with unsafe equipment in violation of 75 Pa.

C.S.A. § 4107(b)(2); failed to provide Edwin W. Beard, Jr. with the equipment

necessary to safely operate a tractor-trailer on the highways and roadways among

the traveling public; failed to maintain the brakes on the tractor-trailer; failed to

adequately train and oversee their employees, including Defendant Edwin W.

Beard, Jr., in the inspection and operation of its tractor-trailers; failed to properly

qualify Defendant Edwin W. Beard, Jr. as required by 49 CFR §391 et seq.;

permitted Defendant Edwin W. Beard, Jr. to operate the tractor-trailer when it

knew or should have known that he was so fatigued as to make it unsafe for him to

do so in violation of 49 C.F.R. 392.3; permitted Defendant Edwin W. Beard, Jr. to

operate the tractor-trailer when it knew or should have known that he was unfit to

do so; permitted Defendant Edwin W. Beard, Jr. to operate the tractor-trailer when

it knew or should have known that he would drive while distracted and/or fatigued;

permitted Defendant Edwin W. Beard, Jr. to operate its vehicle when it knew or

should have known that the requirements for Defendant Edwin W. Beard, Jr. to earn income from operating its vehicle would cause Defendant Edwin W. Beard, Jr.  to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Edwin W. Beard, Jr. to operate its vehicle between points in such periods of time as would necessitate Defendant Edwin W. Beard, Jr. to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Edwin W. Beard, Jr. to operate the tractor-trailer in violation of the Federal Motor Carrier Safety Regulations and the Federal Motor Carrier Act; permitted Defendant Edwin W. Beard, Jr. to operate the tractor-trailer in excess of the applicable hours of service rules in violation of 49 C.F.R 395.3; failed to operate, maintain, inspect, and repair its tractor-trailer with the applicable Federal Motor Carrier Regulations, particularly 49 C.F.R. 396.3; failed to require Defendant Edwin W. Beard, Jr. to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided and abetted Edwin W. Beard, Jr. in and/or encouraged or required Edwin W. Beard, Jr. to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. 390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; provided incentives and/or imposed penalties on drivers like Edwin W. Beard, Jr. such that he would avoid inspecting, maintaining, and/or repairing the tractor-trailer; failed to properly supervise Edwin W. Beard, Jr.

in the operation of the tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations and Federal Motor Carrier Act; failed to conduct a background check of the driving record of Defendant Edwin W. Beard, Jr. as required by 49 C.F.R. 391, et seq; and engaged in such other acts or omissions as shall be discovered during the course of proper discovery under the Federal Rules of Civil Procedure.

39.     Defendant Western Express, Inc. is also vicariously liable for the aforementioned outrageous and/or willful, wanton and/or reckless conduct of its agents, servants, workmen, and/or employees, including but not limited to Edwin W. Beard, Jr.

40.     All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Gregory Windish.  As a result, Plaintiff is seeking an award of punitive damages against Defendant Western Express, Inc.

WHEREFORE, Plaintiff Gregory Windish demands judgment against Defendant Western Express, Inc. in an amount in excess of $75,000.00 plus interest and costs.

## COUNT SIX

## Faith Windish v.  Western Express, Inc.

### Loss of Consortium

41.     Paragraphs 1 - 40 above are incorporated herein by reference as if fully set forth here at length.

42.     At all times here pertinent Faith Windish was and is the wife of Plaintiff Gregory Windish.

43.     Solely because of the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant Western Express, Inc. in causing the injuries to Faith Windish, as wife of Gregory Windish, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

44.     By reason of the aforesaid accident Plaintiff Faith Windish has been, yet is and probably will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiff Faith Windish demands judgment against Defendant Western Express, Inc. in an amount in excess of $75,000.00 plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right pursuant to Federal Rule of Civil Procedure 38(b)(1).

**MUNLEY LAW PC**

BY: _/s/ Daniel W. Munley_
Daniel W. Munley
I.D. No. 77441
Attorney for Plaintiffs

## VERIFICATION

I hereby depose and state that I am a Plaintiff in the above-captioned action and that the factual statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.


GREGORY S. WINDISH

FAITH WINDISH

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gregory S. Windish and Faith Windish, his wife

**DEFENDANTS**
Edwin W. Beard, Jr. and Western Express, Inc.

**(b)** County of Residence of First Listed Plaintiff  Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dowelltown, TN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel W. Munley, Esq. - Munley Law, P.C.
225 Penn Avenue, Scranton, PA 18503

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | **LABOR** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1)
Brief description of cause:
Negligent operation of tractor trailer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
in excess of $75,000.
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
05/02/2017

SIGNATURE OF ATTORNEY OF RECORD
*Daniel W. Munley*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____